UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRUCE BAIRD,** | **CIVIL ACTION** |
| Plaintiff | |
| **VERSUS** | **NO. 14-1879** |
| **SALLY JEWELL AS SECRETARY OF THE DEPARTMENT OF INTERIOR,** | **SECTION: "E" (2)** |
| Defendant | |

### ORDER AND REASONS

This is a civil action under the Freedom of Information Act ("FOIA")[1] and Title VII of the Civil Rights Act of 1964 ("Title VII").[2] Plaintiff Bruce Baird alleges the Department of Interior ("DOI") unlawfully retaliated against him for engaging in protected activity. Plaintiff further alleges DOI violated the FOIA by withholding certain documents relevant to his retaliation claim.

Plaintiff has filed suit against "Sally Jewell as Secretary of the Department of Interior."[3] Defendant responded with three motions currently pending before the Court: (1) a Motion to Sever the Title VII claim from the FOIA claim,[4] (2) a Partial Motion to Dismiss the Title VII claim for failure to exhaust administrative remedies,[5] and (3) a Motion to Dismiss the FOIA claim for failure to sue the proper party.[6] For the

---

[1] 5 U.S.C. § 552 *et seq.*
[2] 42 U.S.C. § 2000e *et seq.*
[3] *See* R. Doc. 22, ¶(3A)(b).
[4] R. Doc. 6.
[5] R. Doc. 25. In this motion, Defendant also moves to dismiss a gender discrimination claim. Other than capitalizing the word "gender" in the "jurisdiction" section of his complaint, R. Doc. 22, ¶1, Plaintiff does not set forth any allegations that even remotely support a gender discrimination claim. The gravamen of his Title VII claim is retaliation for engaging in protected activity. *See* R. Doc. 22, ¶16–17. Because a claim for gender discrimination is not found in the complaint, the motion to dismiss a gender discrimination claim will not be addressed.
[6] R. Doc. 26.

1

following reasons, the Motion to Sever is DENIED, the Partial Motion to Dismiss the Title VII claim is GRANTED, and the Motion to Dismiss the FOIA claim is GRANTED IN PART.

## BACKGROUND[7]

Plaintiff is employed as a biologist by the Bureau of Ocean Energy Management ("BOEM"), an agency within the Department of Interior ("DOI"). On April 26, 2012, Plaintiff served as a witness in an Equal Employment Opportunity ("EEO") investigation. From this time onwards, Plaintiff alleges BOEM engaged in a series of retaliatory actions in the workplace, including (1) issuing him a letter of reprimand; (2) placing him on administrative leave; (3) removing him from an important project; (4) giving him the lowest performance rating of his career; (5) moving his office to a different floor for an unwarranted amount of time; (6) eventually relocating him to his prior floor but with inadequate accommodations; and (7) advising him he would not be selected for the dive team in the near future. Plaintiff contacted BOEM's EEO office on July 29, 2013 and eventually filed the instant action on August 18, 2014.

## DISCUSSION

Defendant has filed three separate motions. The court addresses each in turn.

I.    Motion to Sever Title VII Claim From FOIA Claim

Defendant moves to sever the Title VII claim from the FOIA claim. Federal Rule of Civil Procedure 21 grants the district court "wide discretion" to sever claims against a

---

[7] The following background is derived primarily from the Plaintiff's amended complaint and does not constitute findings of fact.

2

party "in vindication of public and private factors."[8] The Court finds severance is not warranted in this case for multiple reasons.

First, the Title VII claim and the FOIA claim are substantially interrelated. As Plaintiff explains in his opposition memorandum, the FOIA claim seeks information relevant to the Title VII claim. Severing the claims could lead to duplicative discovery and a waste of the resources of both the parties and the Court.

Second, FOIA claims are typically decided on the briefs.[9] The parties have agreed to resolve the FOIA claim on cross-motions for summary judgment.[10] There is no reason the Court cannot adjudicate these motions while allowing the Title VII claim to proceed under the same case number.

Third, in addition to setting deadlines on the FOIA claim, the Court has also set deadlines for the Title VII claim. A scheduling order is in place.[11] Severance would upset these deadlines for no good reason.

Finally, the Court cannot conceive of any prejudice that would result from a denial of severance. Moreover, severance would neither promote judicial economy nor facilitate settlement. For these reasons, the motion to sever is denied.

II.   Partial Motion to Dismiss Title VII Claim

Defendant argues certain parts of Plaintiff's Title VII claim should be dismissed for failure to exhaust administrative remedies. Defendant also argues punitive damages are not available in this case under Title VII as a matter of law.

---

[8] *In re Rolls Royce Corp.*, 775 F.3d 671, 680 (5th Cir. 2014). The Fifth Circuit has not formally adopted a severance test but has noted the standard employed by its district courts is consistent with that used in other circuits. *Id.* at 680 n.40.
[9] *See Cooper Cameron Corp. v. U.S. Dept. of Labor, Occupational Safety & Health Admin.*, 280 F.3d 539, 543 (5th Cir. 2002) ("Summary judgment resolves most FOIA cases[.]").
[10] *See* R. Doc. 55.
[11] *See id.*

A. *Exhaustion of Administrative Remedies*

A Title VII plaintiff must exhaust administrative remedies against his employer before filing suit in federal court.[12] Unlike a private sector employee,[13] a federal employee initiates the exhaustion process by contacting the EEO division of his or her agency.[14] The employee must contact an EEO counselor "within 45 days of the date of the matter alleged to be discriminatory."[15] Failure to comply with this time limit generally bars a subsequent action in federal court.[16]

Defendant has identified three allegations of misconduct in the complaint which occurred more than 45 days before Plaintiff contacted the EEO on July 29, 2013:[17] (1) on May 4, 2012, Plaintiff was issued a letter of reprimand;[18] (2) at the end of May 2012, Plaintiff received the lowest performance rating of his career;[19] and (3) on May 6, 2013, Plaintiff was informed "he was no longer next in line for consideration to be on the dive team."[20] Defendant argues any Title VII claim based on these allegations must be dismissed for failure to exhaust administrative remedies.

---

[12] *McClain v. Lufkins Indus., Inc.*, 519 F.3d 264, 273 (5th Cir. 2008).
[13] *See Pacheco v. Mineta*, 448 F.3d 783, 788 n.6 (5th Cir. 2006).
[14] *See Rivers v. Geithner*, 548 F. App'x 1013, 1016 (5th Cir. 2013). For a detailed explanation of the exhaustion process for federal employees, *see Allen v. U.S. Dept. of Agric.*, No. 4:13-cv-00174-GHD-JMV, 2014 WL 4725366, at *3 (N.D. Miss. Sept. 23, 2014).
[15] 29 C.F.R. § 1614.105(a)(1).
[16] *See Pacheco*, 448 F.3d at 791 n.11.
[17] Defendant also references a fourth allegation involving the denial of Plaintiff's request to telework. *See* R. Doc. 25-1, p. 4. This allegation is not included in the "factual allegations" section of Plaintiff's complaint but was instead relegated to the "exhaustion of administrative remedies" section in which Plaintiff summarizes the issues accepted for investigation by BOEM. *See* R. Doc. 22, ¶7(c). Furthermore, other than listing the word "telework" in one of the sections of his opposition memorandum, R. Doc. 32, p. 5, Plaintiff makes no attempt whatsoever to oppose a motion to dismiss based on the denial of his request to telework. Given the foregoing, the Court finds the teleworking reference does not form part of the substantive complaint. If Plaintiff intended otherwise, he must seek leave to amend his complaint accordingly.
[18] R. Doc. 22, ¶11.
[19] *Id.* at ¶12.
[20] *Id.* at ¶13(n).

4

Plaintiff argues his tardiness should be excused, because he did not learn of "the connection between the actions taken against him and his testimony [at the EEO hearing]" until BOEM provided documents responsive to his FOIA request on July 26, 2013.[21]  In other words, Plaintiff argues the 45-day limitations period should not have begun the day the actions took place, but rather on July 26 when he first suspected the actions were motivated by retaliatory animus.  The Fifth Circuit has consistently rejected this argument, finding it "clearly established that 'the limitations period starts running when the plaintiff knows of the discriminatory *act*, not when the plaintiff perceives a discriminatory motive behind the act.'"[22]

Notwithstanding this clear precedent, Plaintiff argues he is entitled to equitable tolling of the limitations period.  Assuming *arguendo* the limitations period is subject to equitable modification,[23] the Court finds equitable tolling is not appropriate in this case. "Equitable tolling applies only in 'rare and exceptional circumstances.'"[24]  The Fifth Circuit has identified three potential bases for equitable tolling in a Title VII case: "(1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his

---

[21] R. Doc. 32, p. 2–3.
[22] *Miller v. Potter*, 359 F. App'x 535, 536 (5th Cir. 2010) (emphasis in original) (quoting *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1217 n.2 (5th Cir. 1992)); *see also Pacheco v. Rice*, 966 F.2d 904, 906 (5th Cir. 1992) ("To allow plaintiffs to raise employment discrimination claims whenever they begin to suspect that their employers had illicit motives would effectively eviscerate the time limits prescribed for filing such complaints."); *Rivers*, 548 F. App'x at 1017.
[23] There is a "particularly thorny intra-circuit split" regarding whether the Title VII exhaustion requirement is a condition precedent subject to waiver and estoppel, or instead whether it is jurisdictional, the failure to comply with which mandates dismissal.  *See Hilliard v. Parish*, 991 F. Supp. 2d 769, 772 (E.D. La. Jan. 8, 2014) (acknowledging split in authority); *Pacheco v. Mineta*, 448 F.3d 783, 788 n.7 (5th Cir. 2006) (same).
[24] *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

rights."[25] Plaintiff appears to invoke the second basis, which he has the burden of proving.[26] The Fifth Circuit has rejected equitable tolling under similar facts.

In *Manning*, the plaintiff asserted a failure-to-hire claim under the Americans With Disability Act,[27] which the district court dismissed as time-barred.[28] On appeal, the plaintiff argued the limitations period should have been equitably tolled, because the employer concealed facts supporting his claim.[29] Specifically, the plaintiff argued he had no way of knowing his disability was a motivating factor until the employer released interview notes containing negative comments about his disability.[30] The Fifth Circuit found this argument "lacks merit," holding that equitable tolling of a limitations period is appropriate "only when the employer's *affirmative acts* mislead the employee and induce him not to act within the limitations period."[31]

As in *Manning*, a claim for equitable tolling in this case would be based on the concealment of information, not an affirmative act by the employer. Such claims are squarely foreclosed by Fifth Circuit precedent.[32] Plaintiff has failed to carry his burden of proving that equitable tolling is proper.[33]

---

[25] *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 880 (5th Cir. 2003).
[26] *See Ramirez v. City of Antonio*, 312 F.3d 178, 183 (5th Cir. 2002) ("The party who invokes equitable tolling bears the burden of demonstrating that it applies in his case.").
[27] 42 U.S.C. § 12101 *et seq.*
[28] 332 F.3d at 877.
[29] *Id.* at 880.
[30] *Id.*
[31] *Id.* (emphasis in original).
[32] *See also Miller*, 359 F. App'x at 537 (declining to equitably toll 45-day limitations period where plaintiff alleged employer intentionally concealed facts by refusing to meet with her until after the limitations period had run).
[33] To the extent Plaintiff would argue the agency *waived* its ability to object to timeliness by accepting and investigating his complaint, that argument is squarely foreclosed by Fifth Circuit precedent as well. "In order to waive a timeliness objection, the agency must make a specific finding that the claimant's submission was timely." *Rowe v. Sullivan*, 967 F.2d 186, 191 (5th Cir. 1992). Plaintiff has not introduced evidence of an agency finding on timeliness. Accordingly, any waiver argument lacks merit. *See Oaxaca v. Roscoe*, 641 F.2d 386, 390 (5th Cir. 1981) (finding that "merely accepting and investigating a tardy complaint" does not waive a timeliness objection); *Ramos v. Rice*, 5 F.3d 1496, at *1 (5th Cir. 1993) (unpublished) (finding that "[t]he mere acceptance of [the plaintiff's] claim for review did not waive the

6

B. *Punitive Damages*

The law is clear that Title VII precludes a plaintiff from recovering punitive damages against "governments, government agencies, and political subdivisions."[34] Accordingly, Plaintiff's claim for punitive damages under Title VII is dismissed.

III. <u>Motion to Dismiss FOIA Claim</u>

Defendant argues Plaintiff has sued the wrong party defendant under FOIA. The named defendant in this matter is "Sally Jewell as Secretary of the Department of Interior."[35] "A FOIA plaintiff may not assert a claim against an individual federal official; the proper defendant is the agency."[36] Accordingly, Sally Jewell is not amenable to suit under FOIA. Plaintiff shall amend his complaint to name the proper party defendant(s).[37]

## CONCLUSION

For the reasons previously stated, the Motion to Sever is denied.

The Partial Motion to Dismiss the Title VII claim is granted. Plaintiff's Title VII claim may not be based on any of the following: (1) the May 4, 2012, letter of reprimand; (2) the 2012 performance review; and (3) the May 6, 2013 denial of Plaintiff's request to join the dive team. Plaintiffs claim for punitive damages under Title VII is dismissed.

---

untimeliness defense."); *Reveles*, 595 F. App'x at 325 ("As this court has held, the docketing and acting on a complaint or request for reconsideration does not alone constitute a waiver of the timeliness objection.").

[34] *Oden v. Oktibbeha Cnty., Miss.*, 246 F.3d 458, 465–66 (5th Cir. 2001); *see also Hilliard*, 991 F. Supp. 2d at 774; *Franklin v. City of Slidell*, 936 F. Supp. 2d 691, 719 (E.D. La. 2013). Nor can a Title VII plaintiff recover punitive damages in an official-capacity suit against the *head* of a governmental agency. *See, e.g.*, *Oden*, 246 F.3d at 465–66; *King v. Holder*, 941 F. Supp. 2d 83, 88 (D. D.C. 2013); *Boyd v. O'Neill*, 273 F. Supp. 2d 92, 96–97 (D. D.C. 2003).

[35] *See* R. Doc. 22, ¶(3A)(b).

[36] *Batton v. Evers*, 598 F.3d 169, 173 n.1 (5th Cir. 2010).

[37] To the extent the failure to name the correct defendant is a mere pleading deficiency, the Court exercises its broad discretion under Rule 15(a)(2) and grants Plaintiff leave to amend. To the extent it is jurisdictional, the deficiency is of the "technical" variety, and leave to amend is granted under 28 U.S.C. § 1653. *See Whitmire v. Victus Ltd.*, 212 F.3d 885, 887–88 (5th Cir. 2000).

The Motion to Dismiss the FOIA claim is granted in part. Sally Jewell is not the proper party defendant in a FOIA action. Plaintiff shall amend his complaint to name the proper defendant within ten days of this Order and Reasons.

**New Orleans, Louisiana, this 26th day of May, 2015.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**