UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRUCE BAIRD,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1879** |
| **DEPARTMENT OF THE INTERIOR,**<br>**BUREAU OF OCEAN ENERGY MANAGEMENT,**<br>    **Defendant** | **SECTION: "E" (2)** |

## ORDER AND REASONS

Before the Court are cross-motions for summary judgment on Plaintiff Bruce Baird's ("Plaintiff") claims under the Freedom of Information Act ("FOIA").[1] Both the Plaintiff and the Government, per the Court's instructions, have submitted extensive briefing on Plaintiff's FOIA claims and the motions for summary judgment.[2] The Court has considered these briefs, the record, and the applicable law, and now issues its ruling. For the reasons that follow, the Government's motion for summary judgment is **GRANTED**, and Plaintiff's motion is **DENIED**.

## FACTS & PROCEDURAL HISTORY

On April 18, 2014, Plaintiff filed suit against Sally Jewell, the Secretary of the Department of the Interior ("DOI"); the Bureau of Ocean Energy Management ("BOEM"); and the Bureau of Safety and Environmental Enforcement ("BSEE").[3] Plaintiff is a marine biologist employed by BOEM and has worked for the federal government for over 24 years.[4] In his Complaint, Plaintiff levies a number of allegations against BOEM—his employer—and the other named defendants, arguing that he was unlawfully retaliated

---

[1] R. Docs. 53, 61.
[2] R. Docs. 53, 61, 62, 68, 70, 81, 86, 104, 105, 109, 111, 127.
[3] R. Doc. 1. Plaintiff has since amended the Complaint on several occasions. The most recent Complaint, the Fourth Amended Complaint (R. Doc. 76), was filed on July 21, 2015, per Order of this Court. *See* R. Doc. 75.
[4] R. Doc. 76 at 4.

1

against after testifying in an EEOC proceeding in April 2012.[5] According to Plaintiff, since April 2012, he "has been and continues to be subjected to a discriminatory hostile work environment and retaliatory actions."[6] As a result, Plaintiff filed the instant federal lawsuit, alleging claims of harassment, retaliation, and hostile work environment under Title VII of the Civil Rights Act of 1964.

Plaintiff also alleges violations of the Freedom of Information Act ("FOIA").[7] Specifically, Plaintiff argues that the Defendants failed "to conduct legally adequate searches for FOIA documents and information" and deliberately withheld documents from FOIA productions.[8] The parties agreed to resolve the FOIA claims on cross-motions for summary judgment.[9] Both parties have filed their motions for summary judgment on the FOIA claims, and these motions are presently before the Court for consideration.[10]

## LAW AND ANALYSIS

The Freedom of Information Act ("FOIA") was enacted to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny."[11] "[M]ost FOIA cases are resolved at the summary judgment stage."[12] As with non-FOIA cases, summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[13] "The FOIA context is unusual, however, because the

---

[5] R. Doc. 76 at 14.
[6] R. Doc. 76 at 14.
[7] R. Doc. 76 at 2.
[8] R. Doc. 76 at 2.
[9] *See* R. Doc. 55 at 5; R. Doc. 57 at 3.
[10] R. Docs. 53, 61.
[11] *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976).
[12] *Flightsafety Servs. Corp. v. U.S. Dep't of Labor*, 326 F.3d 607, 610 (5th Cir. 2003); *Cooper Cameron Corp. v. U.S. Dep't of Labor, Occupational Safety and Health Admin.*, 280 F.3d 539, 543 (5th Cir. 2002).
[13] FED. R. CIV. P. 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

threshold question in any FOIA suit is whether the requester can even *see* the documents the character of which determines whether they can be released."[14] Therefore, due to the requester's disadvantage, "FOIA expressly places the burden on the agency to sustain its action."[15]

As a threshold matter, the agency must establish that its "search for responsive documents was adequate."[16] "An agency may demonstrate that it conducted an adequate search by showing that it used methods which can be reasonably expected to produce the information requested."[17] The agency must only establish that its search was "reasonably calculated to uncover all relevant documents, not that its search was perfect."[18] "In demonstrating the adequacy of the search, the agency may rely upon reasonably detailed, nonconclusory affidavits submitted in good faith."[19] Such affidavits are accorded a presumption of good faith, which cannot be rebutted by "purely speculative claims about the existence and discoverability of other documents."[20]

I. *ADEQUACY OF SEARCH*

The Defendants in this case have exceeded their obligations under FOIA. Not only did the Defendants conduct an adequate search in response to Plaintiff's initial FOIA request, Defendants have conducted several subsequent searches in an attempt to

---

[14] *Cooper Cameron*, 280 F.3d at 543; *McCarthy v. U.S. Section Intern. Boundary and Water Comm'n*, No. EP-11-CV-208-PRM, 2011 WL 11741033, at *3 (W.D. Tex. Nov. 30, 2011).
[15] *Flightsafety Servs. Corp.*, 326 F.3d at 610–11 (quoting *United States Dep't of Justice v. Reporters Committee for Freedom of Press*, 489 U.S. 749, 755 (1989)) (internal quotation marks omitted).
[16] *Batton v. Evers*, 598 F.3d 169, 176 (5th Cir. 2010) (citing *Santos v. DEA*, 357 F. Supp. 2d 33, 37 (D.D.C. 2004)).
[17] *Id.* (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)) (internal quotation marks omitted).
[18] *Simborio v. I.R.S.*, No. H-06-1355, 2006 WL 3813783, at *2 (S.D. Tex. Dec. 27, 2006) (citing *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999); *McQueen v. United States*, 264 F. Supp. 2d 502, 526–27 (S.D. Tex. 2003)).
[19] *Weisberg v. United States Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984); *Simborio*, 2006 WL 3813783, at *2.
[20] *Safecard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1200 (D.C. Cir. 1991).

amicably resolve Plaintiff's FOIA claims.[21] Specifically, Defendants ran several additional searches—subsequent to the initial FOIA search—of the "Warren Jones" email account subject to the initial FOIA request.[22] Defendants also ran several searches of DOI's Email Enterprise Records and Document Management System ("eERDMS"), a system which is apparently not routinely searched in response to FOIA requests "due to many technical, legal, policy, and staffing issues."[23] Moreover, in even further attempts to resolve Plaintiff's FOIA claims, Defendants searched eERDMS email accounts for Barry Obiol, Joe Christopher, and Lissa Lyncker, despite those searches being beyond the scope of Plaintiff's FOIA claims.[24]

Plaintiff argues that, despite the number of searches conducted, those FOIA searches were not legally adequate, as they failed to uncover specific, potentially "damning" emails which Plaintiff contends must exist.[25] Plaintiff also argues the searches were inadequate because the results did not include certain responsive documents which Plaintiff had obtained elsewhere and had in his possession.[26] The Court disagrees with Plaintiff. As noted above, "the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate*."[27] The FOIA searches conducted in this case were legally adequate. Defendants have submitted declarations attesting to the methods used to conduct the numerous searches at issue in this case, and these declarations benefit from

---

[21] *See* R. Doc. 127; R. Doc. 61-2 (Affidavit of Dorothy Tinker); R. Doc. 104-2 (Affidavit of Jennifer Heindl).
[22] *See* R. Doc. 127; R. Doc. 61-2 (Affidavit of Dorothy Tinker); R. Doc. 104-2 (Affidavit of Jennifer Heindl); R. Doc. 81-1 (Declaration of Deborah Kimball).
[23] R. Doc. 104 at 2; R. Doc. 104-2 (Affidavit of Jennifer Heindl).
[24] *See* R. Doc. 104 at 2.
[25] *See generally* R. Doc. 105, 111.
[26] *See id.*
[27] *Simborio*, 2006 WL 3813783, at *2.

4

a presumption of good faith.[28] Plaintiff has failed to rebut that presumption with anything more than bare, conclusory assertions that additional documents exist and have not been produced. It is immaterial that documents responsive to Plaintiff's FOIA requests are in Plaintiff's possession but have not been produced in any of the FOIA searches conducted by Defendants.[29] Such proof of missing documents does not render the search legally inadequate.[30] As such, the Court finds that the FOIA searches were adequate under the law, and Plaintiff's arguments otherwise are without merit.

## II. REDACTIONS

As an additional matter, the Court also finds that the redactions of the documents provided to Plaintiff are appropriate under FOIA. On December 14, 2015, the Defendants filed, pursuant to a Court Order and an agreement with Plaintiff,[31] several hundred pages of supplemental FOIA search results for the "Warren Jones" email account during the relevant time period.[32] These search results were redacted and filed with a Vaughn Index justifying the redactions.[33] Defendants also produced the unredacted search results to the Court for *in camera* review.[34]

Plaintiff had no objections to certain redactions, namely the redactions made pursuant to the "personal privacy" exemption in 5 U.S.C. § 552(b)(6).[35] Plaintiff also had

---

[28] R. Doc. 61-2 (Affidavit of Dorothy Tinker); R. Doc. 104-2 (Affidavit of Jennifer Heindl); R. Doc. 81-1 (Declaration of Deborah Kimball).
[29] *See, e.g., Conti v. U.S. Dep't of Homeland Sec.*, No. 12-5827(AT), 2014 WL 1274517, at *13 (S.D.N.Y. Mar. 24, 2014) ("Plaintiff's proof of missing documents fails to render DHS' search unreasonable. Because the Court is satisfied with the method of search, it need not dwell on the sheer results.") (citing *Cleary, Gottlieb, Steen & Hamilton v. Dep't of Health & Human Servs.*, 844 F. Supp. 770, 777 n.4 (D.D.C. 1993)).
[30] *See id.*
[31] *See* R. Doc. 116.
[32] R. Doc. 127-2.
[33] R. Doc. 127-1.
[34] *See* R. Doc. 116. The unredacted results are also filed in the record under seal. *See* R. Doc. 129-1.
[35] R. Doc. 127-2 at 78–87 (Bates labeled 78 through 87), 247–57 (Bates labeled 247 through 257), 259–69 (Bates labeled 259 through 269).

no objections to redactions made pursuant to the attorney-client privilege.[36] Plaintiff did, however, express concern over the Defendants' redactions under the "deliberative process" or "pre-decisional" exemption in 5 U.S.C. § 552(b)(5).[37] Having reviewed the unredacted documents *in camera*,[38] as well as the applicable law, the Court finds the redactions to be proper.

Under the "deliberative process" exemption, an agency may withhold "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."[39] Courts have interpreted this provision to cover "documents reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated."[40] The exemption is necessary "to protect the integrity of an agency's decisions by insuring the unhindered exchange of fact and opinion within the agency."[41] In the present case, the objected-to redactions satisfy the aforementioned standard and are proper under 5 U.S.C. § 552(b)(5). The redactions withhold information that can fairly be characterized as "deliberative" or "pre-decisional" and are necessary to protect the integrity of the Defendants' decision-making processes in this case.

---

[36] R. Doc. 127-2 at 113–14 (Bates labeled 113 through 114), 116 (Bates labeled 116). Although the Vaughn Index (R. Doc. 127-1) indicates that portions of pages 113, 114, and 116 were redacted as *both* attorney-client privileged *and* deliberative, the Court finds that those redactions are proper under the attorney-client privilege exemption, as the redacted information is squarely protected by the attorney-client privilege.
[37] R. Doc. 127-2 at 164 (Bates labeled 164), 201 (Bates labeled 201), 270 (Bates labeled 270), 285 (Bates labeled 285).
[38] The unredacted search results were provided to the Court for *in camera* review on December 14, 2015. Those unredacted results are filed in the record under seal. *See* R. Doc. 129-1.
[39] 5 U.S.C. § 552(b)(5).
[40] *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (quoting *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)) (internal quotation marks omitted).
[41] *Chamberlain v. Kurtz*, 589 F.2d 827, 841 (5th Cir. 1979).

## **CONCLUSION**

For the reasons stated above, the Defendants' motion for summary judgment[42] is hereby **GRANTED**, and Plaintiff's motion for summary judgment[43] is **DENIED**.

**New Orleans, Louisiana, this 23rd day of December, 2015.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[42] R. Doc. 61.
[43] R. Doc. 53.